ROSES, INCORPORATED, PLAINTIFF, *v.* UNITED STATES, DEFENDANT

Court No. 81-7-00857

Before RAO, *Judge.*

(Dated October 27, 1982)

RAO, *Judge:* This case is before the Court on defendant's motion pursuant to Rule 62(a) (d) and (e) for a stay of the judgment of this Court entered April 29, 1982, 3 CIT 110 (1982) pending resolution of the appeal filed by the defendant with the United States Court of Customs and Patent Appeals on June 2, 1982, (Appeal No. 82-27).

The judgment of this court required the Commerce Department, International Trade Administration, to reinstate plaintiff's anti-dumping duty petition and to initiate the investigation mandated by the Tariff Act of 1930, as amended by the Trade Agreements Act of 1979, Section 732 (b) and (c), 19 U.S.C. 1673(a) (b) and (c) (hereinafter the Act).

Defendant's motion is based on its position that the status quo should be maintained pending the appeal and that the International Trade Administration should not be put to the expense of an investigation since there is a likelihood that the defendant will prevail on the appeal.

Plaintiff's opposition to the motion for a stay is predicated on its position that further delay of the antidumping investigation works to the detriment of the American rose growers, postponing even further their effort to obtain relief from what they deem the predatory activities of the Columbian rose growers.

It is the opinion of this court that the stay should not be granted.

The grant of a stay pending appeal is within the discretion of the trial court. In determining whether the interests of justice will be served by the grant of a stay, four factors are to be considered:

(1) The likelihood that the movant will succeed on the appeal;

(2) The irreparability of the injury to be suffered by the movant if the stay is denied;

(3) The harm that other parties will suffer if the stay is granted; and

(4) The effect of the issuance of the stay on the public interest. *Hayes* v. *City University of New York,* 503 F. Supp. 946 (S.D.N.Y. 1980), *aff'd* on other grounds, 648 F.2d 110 (2d Cir. 1981).

These factors are considered *infra.*

Considering the harm that the other party will suffer if the stay is granted, the balance of the equities is clearly with the plaintiff. It contends that delay in the investigation of its allegations of dumping of roses from Colombia delays further the possible dump-

ing determination and the establishment of an antidumping duty rate. It alleges that the American rose growing industry has been injured and such injury will continue, and that the delay resulting from the grant of the stay works against its obtaining the relief from dumping provided by the Act. This court agrees. Plaintiff alleged, in its petition, the elements necessary for an antidumping petition and the supporting data required by the Act. Until such time as movant conducts the investigation and, if, antidumping duty imposition is warranted, plaintiff remains exposed to continued injury.

The movant, on the other hand, will suffer little irreparable injury if the stay is denied. It will initiate an investigation in an antidumping matter utilizing a staff that has expertise in such matters. There has been no showing, by affidavit or otherwise, that this investigation will unduly burden the movant's staff. Indeed, given the mandatory terms of the Act, that an antidumping investigation shall be commenced when a sufficient petition supported by information reasonably available to the petitioner is filed, it is not unreasonable that delay be avoided.

Consideration of the effect of the issuance of the stay on the public interest also results in the conclusion that the stay should not be granted. The public interest that is to be served in antidumping cases is to correct situations where merchandise is being imported at less than fair value with resultant injury to American industries and to give relief to injured American industries by way of increased duties to neutralize the harmful effects of the dumped imported merchandise. This public interest will be served by the initiation of the investigation ordered by this court to determine whether plaintiffs are indeed suffering the injury or potential injury complained of because of the dumping of roses from Colombia.

The remaining factor, the likelihood that the movant will succeed on the appeal, is more difficult of measurement. It requires this court to anticipate the actions of the Court of Appeals for the Federal Circuit [formerly the United States Court of Customs and Patent Appeals]. Therefore, based on the preponderance of the four factors to be considered and the interests of justice in this case, it is this court's decision that the stay should not be granted. Accordingly, it is

ORDERED that defendant's motion be, and the same hereby is denied, and the defendant is further

ORDERED to comply with this court's judgment of April 29, 1982 forthwith.